■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL T. DUCHOWNEY, Appellant.—Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered December 18, 1989, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the first degree.

In June 1988, defendant was indicted for criminal possession of a forged instrument in the first degree. The charge contained in the indictment stemmed from an incident in January 1988, in which defendant allegedly used a counterfeit $20 bill to buy drinks at Leibner's Bar in the City of Troy, Rensselaer County.

Prior to trial, defendant made a motion to dismiss the indictment upon the grounds that the testimony before the Grand Jury was insufficient to support the indictment and that the Grand Jury proceeding was defective. In connection

with that motion, defendant also requested that the Grand Jury minutes be inspected by County Court and his counsel. The court granted defendant's motion to the extent that it agreed to make an in camera inspection of the Grand Jury minutes, and following such an inspection, denied defendant's motion to dismiss the indictment.

Thereafter, upon reargument, defendant moved for a dismissal of the indictment and for an order granting defense counsel an inspection of the Grand Jury minutes, claiming various irregularities in the Grand Jury proceeding. County Court again denied the motion. The matter then proceeded to trial where defendant was convicted as charged and sentenced as a second felony offender to an indeterminate term of imprisonment of 6 to 12 years. This appeal by defendant ensued.

Defendant's first point on appeal is that County Court erred in denying his motion to dismiss the indictment or, alternatively, his motion for an inspection of the Grand Jury minutes, logbook and attendance sheets. We disagree. The affidavit of defendant's counsel submitted in support of the motion states that various irregularities occurred in the Grand Jury proceedings in Rensselaer County during the period from January 1988 through May 1988, and alleges that such irregularities may have occurred with regard to defendant's indictment. However, we have examined the Grand Jury attendance and voting sheets, which were included as confidential exhibits on this appeal, and have found no irregularities. Defendant's concern that there was not a quorum for the vote on the indictment or a vote of at least 12 grand jurors in favor of the indictment is unfounded. Thus, both of defendant's motions were properly denied.

Turning next to defendant's claim that County Court improperly allowed a police officer, Salvatore Carello, to testify as an expert witness regarding the authenticity of the $20 bill allegedly possessed by defendant, we conclude that the admissibility of such testimony was within County Court's discretion and we find no basis for disturbing its determination (see, People v Keindl, 68 NY2d 410, 422; People v Cronin, 60 NY2d 430, 433; People v Wilson, 136 AD2d 800, lv denied 71 NY2d 974). Although defendant correctly points out that the People did not formally qualify Carello as an expert witness, this does not require reversal. A review of Carello's testimony reveals that, prior to giving any opinion testimony regarding the $20 bill, he stated his qualifications, which included basic police training by FBI and Treasury Department agents in identifica-

tion of counterfeit and forged instruments and experience as a police officer on three or four occasions in dealing with counterfeit currency. Thus, a minimal foundation was established for Carello's testimony *(see, People v Siu Wah Tse,* 91 AD2d 350, 353) and "[t]he extent of his qualifications was a 'subject for the jury on the question of the weight to be given to his testimony' " *(People v Greene,* 153 AD2d 439, 450, quoting *Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398). Further, we disagree with defendant's contention that Carello's testimony invaded the province of the jury, since identification of counterfeit currency involves a subject matter which is beyond the ordinary knowledge and experience of the average juror *(see, Matott v Ward,* 48 NY2d 455, 459; *People v Smith,* 153 AD2d 995, *lv denied* 75 NY2d 818; *People v Swanda,* 87 AD2d 940, 941).

Defendant's remaining contentions do not merit extended discussion. In our view, County Court properly denied defendant's request to charge the lesser included offense of criminal possession of a forged instrument in the second degree, since no reasonable view of the evidence supports a finding that defendant committed the lesser offense but not the greater *(see, People v Glover,* 57 NY2d 61, 63-64). Finally, we disagree with defendant that his sentence is harsh and excessive.

Judgment affirmed. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.