■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION SHERROD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered November 21, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was legally insufficient to establish his guilt of criminal possession of a controlled substance in the third degree in that

the People failed to prove that he was in possession of the drugs found in an apartment in which he lived. However, since the defendant did not move for a trial order of dismissal on the ground now raised on appeal, this issue is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence adduced at trial in a light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that the trial court improperly permitted the arresting police officer to testify concerning the meaning of certain entries in a book of drug records seized from the scene because the officer was not formally qualified as an expert on narcotics records. This claim is unpreserved for appellate review (CPL 470.05 [2]) and, in any event, is without merit (see, *People v Duchowney,* 166 AD2d 769).

Additionally, in light of the overwhelming evidence of the defendant's guilt, including his confession in which he stated that he was selling drugs, the arresting officer's comments on cross-examination, that "these people are drug dealers", was harmless *(People v Crimmins,* 36 NY2d 230).

We find that the defendant's objections to the jury charge are without merit.

Finally, the defendant's sentence was not excessive. The fact that the sentence imposed after trial was greater than that offered during a plea negotiation is no indication that the defendant was punished for exercising his right to a jury trial (see, *People v Brown,* 157 AD2d 790). Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.