■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Gary Gordon, Appellant. [608 NYS2d 192] —Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered November 25, 1991, convicting defendant, after jury trial, of attempted murder in the second degree, rape in the first degree and sodomy in the first degree, and sentencing him to three consecutive terms of 8⅓ to 25 years, unanimously affirmed.

The complainant's testimony that defendant forced her at knifepoint to the top landing of a 30 story building, where he sodomized and raped her after demonstrating his ability to kill her with his hands; announced angrily that he was going to throw her off the roof; attempted to, but could not open the door to the roof (which an investigating detective found to be malfunctioning); and then left abruptly at the sound of voices and a door closing on the floor immediately below the roof level, proved beyond a reasonable doubt that defendant came dangerously close to fulfilling his announced intention to murder the complainant *(People v Mahboubian,* 74 NY2d 174, 190). Any credibility issue created by defendant's testimony that, although he may have made an angry threat to kill the complainant, he did not actually intend to carry out that threat, was properly placed before the jury and its determination, not unreasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

There is no requirement that a trial court formally "certify" a witness as an expert *(see, United States v Bartley,* 855 F2d 547, 552). In any event, here the People properly set forth the professional credentials of the doctor who had examined the complainant on the day in question, including her expertise in the field of gynecology. The trial court's overruling of defense counsel's objection to that witness offering a medical opinion, on the ground that the doctor had not been "certified" as an expert, implicitly indicated the court's discretionary acceptance of that medical opinion as "expert testimony" in the applicable field *(see, DeLong v County of Erie,* 60 NY2d 296, 307).

Defendant's testimony that he "never put a knife to anyone's throat", made in response to the prosecutor's question directed solely at the issue of his use of a knife herein, opened the door to a discretionary modification of the trial court's *Sandoval* ruling to allow cross-examination of defendant regarding the use of a knife on two prior occasions, as well as the dates and locations of those prior incidents, while precluding mention of the fact that those two incidents involved

charges of sexual assaults *(People v Laguer,* 183 AD2d 485, *lv denied* 80 NY2d 905). Similarly, defendant opened the door to cross-examination regarding the reasons for dismissal of the criminal charges in connection with the two prior incidents in question, because defendant volunteered that the charges had been dismissed, again in an obvious attempt to mislead the jury into believing that there was no substance to the prior charges *(see, People v Williams,* 186 AD2d 469, *lv denied* 81 NY2d 849).

The prosecutor was bound by defendant's negative responses regarding the collateral issue of whether he had been told at a pretrial hearing in this case that charges against him had been dismissed because the People could not locate the witnesses *(People v Pavao,* 59 NY2d 282, 288-289). However, the prosecutor's continued questioning of defendant on the issue clearly was predicated on the good faith hope of inducing defendant to abandon his negative responses *(see, People v Sorge,* 301 NY 198, 200). Any error in the prosecutor's reading of the portion of the pretrial hearing transcript containing her own advice as to that circumstance, in the context of questioning defendant's recollection on the issue, was rendered harmless by the trial court's prompt curative instruction to the jury that the prosecutor's questioning was not offered for the truth of the subject matter, but merely "to ask [defendant] if he recalls that having been said". It is presumed that the jury understood and followed the court's instructions *(People v Davis,* 58 NY2d 1102, 1104).

We have considered defendant's additional claims of error and find them to be either unpreserved or without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.