■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCES LEUNG, Appellant. [712 NYS2d 88] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered January 29, 1999, convicting defendant, after a jury trial, of criminal diversion of prescription medications and prescriptions in the first degree, grand larceny in the second degree, welfare fraud in the second degree and conspiracy in the fourth degree, and sentencing her to three concurrent terms of 3 to 9 years·to run concurrently with a term of 1¹/₃ to 4 years and ordering her to pay restitution in the amount of $208,303.86, unanimously affirmed.

The court properly permitted a People's witness to give expert testimony after it was established that the witness possessed the requisite training and experience to qualify as an expert on practices and rules relating to pharmacists and Medicaid providers. The court was not required to formally declare or certify the witness to be an expert (*People v Gordon*, 202 AD2d 166, 167, *lv denied* 83 NY2d 911). In any event, in the instant case, the court ultimately informed the jury that the witness was an expert and gave thorough instructions on the evaluation of expert testimony.

Defendant's double jeopardy arguments are without merit. The prohibition against double jeopardy is not implicated when a defendant receives cumulative or multiple punishments for the same offense in a single prosecution as opposed to successive prosecutions (*United States v Halper*, 490 US 435, 448-451; *Ohio v Johnson*, 467 US 493, 499-500; *Missouri v Hunter*, 459 US 359, 368-369). In any event, defendant was convicted of separate offenses, each of which required proof of a fact that the others did not require. Moreover, she received concurrent sentences, thereby eliminating any issue of multiple punishments.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.