■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. BAKER, Appellant. [731 NYS2d 555] —Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 1, 1998, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts), attempted rape in the first degree, rape in the second degree (two counts), attempted rape in the second degree, sexual abuse in the first degree (three counts), sexual abuse in the second degree (three counts) and endangering the welfare of a child.

Defendant was charged in a 13-count indictment with various counts of rape, attempted rape, sexual abuse and endangering the welfare of a child as a result of allegations that he had forced sexual intercourse and inappropriate sexual contact with his girlfriend's 12-year-old daughter between December 1995 and November 1996. The defense theory of the case was that the victim fabricated the charges against defendant because she was upset with him and her mother for making her do chores around the house and for making her stay home to help out with younger siblings. Both the victim and defendant testified at the ensuing jury trial, with the victim recounting numerous incidents of sexual intercourse and other acts of sexual contact and defendant denying that same ever took place. Having been convicted as charged—the jury obviously crediting the victim's version of events—and sentenced to an aggregate prison term of 9 to 18 years, defendant appeals. We now affirm.

Defendant claims that County Court erred in permitting evidence of numerous acts of sexual misconduct against the victim not otherwise specifically charged in the indictment. This testimony, however, was permissible to establish the count of endangering the welfare of a child (*see, People v Archer*, 232 AD2d 820, 821, *lvs denied* 89 NY2d 1087, 90 NY2d 938; *People v Grotto*, 223 AD2d 758, *lv denied* 87 NY2d 1020). We further reject his argument that the court erred in permitting the People to introduce, on redirect examination of the victim, a

letter that she wrote to her father's girlfriend disclosing for the first time that defendant "sexually molested" her and asking for advice about this "problem." This letter was written two months after the victim moved out of her mother's home and was no longer living with defendant. On cross-examination, defense counsel asked the victim about the timing of her initial disclosure of the alleged abuse, specifically asking about this letter, which had not been mentioned on direct, and how it came to be in the possession of her father's girlfriend. Under these circumstances, defense counsel clearly opened the door for its admission on redirect examination (*see, People v Melendez*, 55 NY2d 445, 451; *see also, People v Henry*, 179 AD2d 1061, *lv denied* 79 NY2d 1002).*

Finally, upon our review of the entire record, particularly the opening and closing statements of the Assistant District Attorney as well as her cross-examination of each defense witness, we are unpersuaded by defendant's claim that he was denied a fair trial by pervasive prosecutorial misconduct. Notably, many of the claimed errors were never objected to by defense counsel thereby rendering them unpreserved for review (*see*, CPL 470.05 [2]). In any event, we have reviewed each of the alleged errors and/or objectionable conduct and either disagree with defendant's assessment of error or find any error harmless beyond a reasonable doubt. We also decline to modify defendant's sentence.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* County Court's alternative basis for admitting the letter—as a prior consistent statement to rebut a charge of recent fabrication under *People v McDaniel* (81 NY2d 10)—was in error. During cross-examination of the victim, defense counsel asked several questions consistent with the defense theory of the case that the victim, angry with defendant for making her do chores and helping out with siblings, made up the charges from the onset to "get back" at and/or "even with" him. This line of questioning in and of itself, however, did not then permit introduction of the letter into evidence as a prior consistent statement to rebut a recent fabrication (*see, People v Davis*, 44 NY2d 269, 277-278). Rather, to qualify for admission under this rule, the prior consistent statement must *predate* the motive to falsify and thus "it is important to identify when the motive to fabricate arose" (*People v McDaniel, supra*, at 18). Here, the letter was written well *after* the victim lived with defendant and thus well *after* she allegedly developed the incentive and/or motivation to make up the charges against him. Because the letter itself did not predate the motive to falsify, County Court erred in that portion of its ruling that it was admissible as a prior consistent statement to rebut a charge of recent fabrication.