(May 9, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME GRAJALES, Appellant. [742 NYS2d 687] —Mercure, J.P.

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 27, 1998, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the first degree and conspiracy in the second degree.

A jury convicted defendant and codefendant of criminal sale of a controlled substance in the first degree and conspiracy in the second degree as the result of a February 10, 1998 sale of nearly one kilogram of cocaine to undercover police detective Art Claudio and a series of overt acts leading up to that sale. The essential underlying facts can be gleaned from our prior decision affirming codefendant's conviction (*People v Valencia*, 263 AD2d 874, *lv denied* 94 NY2d 799). On the present appeal, defendant challenges a myriad of alleged misdeeds on the part of the prosecutor and erroneous rulings on the part of County Court. We conclude that the greater part of defendant's assertions of error are unpreserved for appellate review and all are, in any event, lacking in merit or constitute harmless error. We therefore affirm County Court's judgment of conviction.

Initially, the claim of prosecutorial misconduct in the People's opening statement and summation and in the examination of prosecution witnesses and cross-examination of defense witnesses is wholly unavailing. Aside from the fact that defendant failed to preserve the issues for appellate review (*see,* CPL 470.05 [2]; *People v Mitchell*, 288 AD2d 622, 623), in nearly all cases, we perceive no error. For instance, viewed in context, it can readily be seen that the prosecutor's repeated use of the personal pronoun "I" was merely stylistic and did not constitute an impermissible expression of belief or opinion (*see, People v Franklin*, 288 AD2d 751, 755, *lv denied* 97 NY2d 728). Similarly, the prosecutor's use of leading questions elicited no defense objection and was well within the bounds of proper examination.

We are also unpersuaded that County Court erred in permitting two prosecution witnesses to give limited expert opinion in addition to their testimony concerning factual matters. Claudio's brief testimony concerning the use of beepers in drug transactions and the practice of making separate deliveries of the drugs and the purchase money fell within the ambit of "limited background testimony concerning the various roles generally played by the participants in drug sales" (*People v McMillian*, 240 AD2d 184, 184, *lv denied* 90 NY2d 907) and, because that testimony was by no means inconsistent with defendant's agency defense, did not, in any event, prejudice defendant. We are frankly at a loss as to the basis for

defendant's contention that State Police chemist Debra Beach improperly testified that the white powder she tested was cocaine, that cocaine is a narcotic drug, that the weight of the powder tested was 994.32 grams and that a kilogram contains 1,000 grams. A trial judge is "not required to formally declare or certify the witness to be an expert" (*People v Leung*, 272 AD2d 88, 89); rather, it is sufficient that the witness testify as to his or her qualifications and that the trial judge instruct the jury as to the method of evaluating expert testimony (*see, id.*; *People v Gordon*, 202 AD2d 166, *lv denied* 83 NY2d 911).

We also reject the contention that defendant was not provided meaningful and constitutionally effective assistance of counsel. Notably, for the reasons already stated, we are not persuaded that the great majority of the alleged errors forming the basis for defendant's claim of ineffective assistance were errors at all. Further, our review of the record demonstrates that defendant's counsel engaged in appropriate investigation, discovery and pretrial motion practice, actively questioned and cross-examined witnesses and made appropriate motions during the course of the trial. In our view, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation," and the constitutional requirement, therefore, has been satisfied (*People v Baldi*, 54 NY2d 137, 147; *see, People v Benevento*, 91 NY2d 708; *People v Ford*, 86 NY2d 397, 404).

As a final matter, given defendant's full participation in the culminating drug sale and the many transactions, negotiations and meetings leading up to it, and in view of our affirmance of codefendant's consecutive prison sentences of 25 years to life on the conviction of criminal sale of a controlled substance in the first degree and 8⅓ to 25 years on the conspiracy conviction, we are not persuaded that defendant's concurrent prison sentences aggregating 25 years to life are by any means harsh and excessive (*compare, People v Valencia*, 263 AD2d 874, 877, *supra*).

Defendant's remaining contentions are either unpreserved or have been considered and found to be unavailing.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.