■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUIS WRIGHT, Appellant. [786 NYS2d 234]—

Mugglin, J. Appeal from a judgment of the County Court of

Albany County (Pulver, Jr., J.), rendered August 15, 2001, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Upon his conviction of criminal sale of a controlled substance in the third degree, defendant makes six arguments on this appeal, two addressed to jury selection, two to trial evidence, one to the effectiveness of counsel and one to the excessiveness of the sentence. Finding no abuse of discretion or reversible errors, we affirm.

First, with respect to jury selection, defendant argues that County Court abused its discretion by limiting the People and defense counsel to 15 minutes each for voir dire during round one of the jury selection process. "County Court may in its discretion limit the scope of voir dire, as long as counsel is given a fair opportunity to ask potential jurors relevant and material questions" (*People v Augustine*, 235 AD2d 915, 919 [1997], *appeal dismissed, lv denied* 89 NY2d 1072, 1088 [1997] [citation omitted]). Here, despite the limitation, the record reflects that defense counsel concluded a 22-minute voir dire without interruption from the court and defendant has made no showing from this record that he was not provided a fair opportunity to question prospective jurors about relevant and material matters.

Next, with respect to jury selection, defendant argues that his *Batson* challenge should have been granted. Defendant, an African American, raised the objection when the People used two peremptory challenges to dismiss two of four African Americans during jury selection. It is well established that before the People must come forward with a race-neutral explanation for the challenges, defendant must establish that he is a member of a cognizable racial group, that the prosecutor removed members of that group from the venire and that facts and circumstances of the voir dire raise an inference that the People excused the juror because of race (*see People v Colon*, 307 AD2d 378, 380 [2003], *lv denied* 100 NY2d 619 [2003]). In our view, County Court correctly denied defendant's *Batson* objection as one African American had already been seated as a juror and one had been excused at the bench. Thus, no inference that the People excused the other two African Americans because of race was established by defendant and the burden to set forth a race-neutral explanation did not shift to the People.

Defendant's first argument addressed to the evidence is that there was legally insufficient evidence to sustain a conviction. We disagree. The record establishes that a confidential informant, wearing a body wire, purchased crack cocaine from defen-

dant. The confidential informant testified to the purchase and identified defendant in the courtroom. The police officers who testified established that they were situated so that they not only heard the transaction, but could observe it. Defendant's claim that the evidence is insufficient centers on his argument that the confidential informant was not worthy of belief and that there were inconsistencies in the police testimony such that the police neither corroborated the testimony of the confidential informant nor established that defendant sold the drugs. Viewing the evidence in the light most favorable to the People (*see People v Bleakley,* 69 NY2d 490, 495 [1987]) and according due deference to the jury's credibility determinations, we conclude that the evidence is sufficient to show, beyond a reasonable doubt, that defendant knowingly and unlawfully sold a narcotic drug as charged (*see* Penal Law § 220.39 [1]).

Defendant's fourth argument, also addressed to the sufficiency of the evidence, is that County Court erred by allowing the forensic chemist to testify as an expert witness and render an opinion that the substance tested was cocaine. The admissibility of expert testimony lies primarily in the sound discretion of the trial court (*see People v Williams,* 97 NY2d 735, 736 [2002]). Here, the forensic chemist, an employee of the New York State Police Crime Laboratory, testified in detail regarding his education, his work experience, his continuing education in the forensic sciences and his having successfully tested thousands of specimens for the presence of controlled substances, including cocaine. He further testified that he performed at least four tests on this evidence, some involving known standards, and as a result of all the tests, he formed an opinion that the substance sold by defendant was cocaine. Given this witness's qualifications and experience, we discern no error in allowing him to render an expert opinion (*see People v Wicks,* 122 AD2d 239, 239 [1986], *lv denied* 68 NY2d 1005 [1986]).

The fifth argument that we address is defendant's claim that the Public Defender's office was in an impermissible conflict of interest because it also simultaneously represented the confidential informant. The prosecutor recognized the potential conflict and County Court conducted an inquiry prior to trial, discovering that defendant's trial counsel was never personally involved with the confidential informant. Thereupon, the court relieved the Public Defender's office from representing the confidential informant and assigned him new counsel. Defendant submitted no evidence of prejudice (*see People v Smith,* 271 AD2d 752, 753 [2000]; *see also People v Harris,* 288 AD2d 610, 615 [2001], *affd* 99 NY2d 202 [2002]). Under these circumstances, we conclude

that any potential conflict of interest was eliminated and defendant was not denied the effective assistance of counsel.

Defendant's sixth and final argument is that his sentence, 12½ to 25 years, was unduly harsh and excessive. Defendant did receive the maximum permissible sentence as a second felony offender. However, the record shows, and County Court observed, that defendant has a sufficient number of prior felony convictions to make him eligible for sentencing, as a persistent felony offender, to a potential life term. Under these circumstances, we find no abuse of County Court's discretion in imposing this sentence and defendant has failed to demonstrate extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Miles,* 8 AD3d 758, 761 [2004], *lv denied* 3 NY3d 678 [2004]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.