THIRD DEPARTMENT, SEPTEMBER, 2005

(September 1, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRI G. LAMONT, Appellant. [800 NYS2d 480]—

Kane, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered September 16, 2003, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (two counts), criminal possession of marihuana in the fourth degree and criminal possession of a controlled substance in the seventh degree.

A confidential informant conducted a controlled drug purchase from defendant. Based thereon, police obtained a warrant for defendant's apartment and, upon executing that warrant, discovered a loaded handgun, ammunition, marihuana and cocaine. An indictment charged defendant and his live-in girlfriend with several crimes related to constructive possession of drugs and a weapon. Following a jury trial, defendant was found guilty of criminal possession of a weapon in the third degree (two counts), criminal possession of marihuana in the fourth degree and criminal possession of a controlled substance in the seventh degree and was sentenced to an aggregate prison term of seven years. He now appeals.

The evidence was legally sufficient to support the convictions. Defendant testified at trial that he possessed the cocaine and marihuana. Evidence of defendant's constructive possession of the gun included testimony that defendant resided in the apartment for over two years, the gun was found within arm's reach of the edge of a bed, defendant slept in that bed the night before the gun was found, his girlfriend, who shared that bed, did not know there was a gun in the house and defendant previously expressed a need to secure a gun to protect himself from a street gang. Although there was testimony that no one ever saw defendant with a gun and defendant's cousin once had a gun in the apartment, the cousin died five months prior to the date the search warrant was executed. Considering the evidence and weighing the inferences reasonably drawn therefrom, the evidence was sufficient and the verdict was not against the weight of that evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v McLeod, 281 AD2d 746, 747-748 [2001], lv denied 96 NY2d 921 [2001]).

Because the moving papers for defendant's suppression motion failed to raise factual disputes on material points (see People v Gadsden, 273 AD2d 701, 701 [2000], lv denied 95 NY2d 934 [2000]), County Court properly denied the motion without a hearing (see CPL 710.60 [3]; People v Pagan, 304 AD2d 980, 980 [2003], lv denied 100 NY2d 564 [2003]; People v Huntley, 259 AD2d 843, 844-845 [1999], lv denied 93 NY2d 972 [1999]). The warrant was valid as it was based on firsthand information from the officer who conducted the monitored, controlled drug

buy with a confidential informant, thereby establishing the informant's reliability (*see People v Valdez-Rodrigues [Cake]*, 235 AD2d 627, 628 [1997], *lvs denied* 89 NY2d 1033, 1041 [1997]). While portions of the warrant—including those permitting the seizure of any illegal contraband—were overbroad, the overbroad portions can be severed from the valid portions (*see People v Brown*, 96 NY2d 80, 85-86 [2001]). The search warrant appropriately permitted the police to search for drugs, and drugs could have been found in the spot where the gun was discovered. Thus, no hearing was required to deny the suppression motion.

While we agree with defendant that County Court should not have clarified an evidentiary ruling in an ex parte conversation with a juror, we do not find that this interaction requires reversal of defendant's conviction. During the lunch break, a single juror approached the judge in the hallway and asked whether a sustained objection to the admission of the gun meant that the jury could not consider any of the related testimony, to which the judge replied that his ruling applied just to the exhibit itself. After the break, the court advised counsel and defendant of the encounter, at which point no objection was raised. The gun was later admitted into evidence. Defendant does not argue that the court's ruling was incorrect. Although defendant has a statutory right to be present during all material portions of his trial (*see* CPL 260.20), the court's ex parte interaction with the juror here did not deprive defendant of that right because the communication involved a pure question of law and "did not implicate [defendant's] peculiar factual knowledge or otherwise present the potential for his meaningful participation" (*People v Fabricio*, 3 NY3d 402, 406 [2004]; *see People v Rodriguez*, 85 NY2d 586, 591 [1995]; *People v Jamison*, 303 AD2d 603 [2003], *lv denied* 100 NY2d 562 [2003]; *People v Bailey*, 146 AD2d 788, 789 [1989], *lv denied* 74 NY2d 844 [1989] [distinguishing communication between court and one juror from communications of supplemental instructions to entire jury outside the defendant's presence, which require automatic reversal]). Thus, while the court's ex parte interaction with the juror was not proper, it does not require reversal.

Defendant is not entitled to a new trial based on his allegations of prosecutorial misconduct. Most of the comments from the prosecution's opening statement and summation were not objected to and are unpreserved for our review (*see People v Grajales*, 294 AD2d 657, 658 [2002], *lv denied* 98 NY2d 697 [2002]; *People v Baker*, 287 AD2d 879, 880 [2001], *lv denied* 97 NY2d 727 [2002]). In any event, were we to address them, we would not reverse. The prosecutor's use of the word "I" was

merely stylistic and not an impermissible expression of personal opinion (*see People v Grajales, supra* at 658). The prosecutor did not improperly comment concerning defendant's postarrest silence, but instead contrasted his voluntary statements to the police disclaiming knowledge of the presence of drugs or firearms in his apartment with his conflicting trial testimony (*see People v Morgan*, 66 NY2d 255, 259 [1985]). The other remarks were either fair comment on the evidence (*see People v Humphrey*, 15 AD3d 683, 686 [2005]), in response to the defense's summation (*see People v Balls*, 118 AD2d 887, 889 [1986], *affd* 69 NY2d 641 [1986]), or were cured by sustained objections and prompt admonitions. Even if some of the prosecutor's comments were improper, they were not flagrant or pervasive so as to have deprived defendant of a fair trial (*see People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]).

We reject defendant's contentions that County Court improperly admitted opinion testimony of two witnesses. The trial court has considerable discretion in determining the admissibility of expert testimony (*see People v Wright*, 13 AD3d 726, 728 [2004]). The court is not required to explicitly declare a witness an expert before permitting such testimony (*see People v Mack*, 301 AD2d 863, 864 [2003], *lv denied* 100 NY2d 540 [2003]; *People v Duchowney*, 166 AD2d 769, 770-771 [1990]). In fact, there is legitimate criticism of that practice on the basis that making such a declaration in front of a jury improperly bolsters the witness and appears to grant the witness the imprimatur of the court (*see* Kirgis, *Judicial Certification of Experts: Litigators Should Blow the Whistle on a Common but Flawed Practice*, 72 NY St BJ 30 [Feb. 2000]; Committee Note to Fed Rules Evid rule 702, 192 FRD 340, 423 [2000]; Richey, *Proposals to Eliminate the Prejudicial Effect of the Use of the Word "Expert" Under the Federal Rules Evidence in Civil and Criminal Jury Trials*, 154 FRD 537, 541, 554-555 [1994]). Here, a police officer, who was also a firearms instructor, testified that the gun was operable. While this was not strictly expert testimony, but was factual testimony based on his test fires of the weapon, his training and experience set forth in the record were sufficient to qualify him to render such an opinion. Similarly, the scientist from the State Police Crime Laboratory testified to her education, training and the methodology she used to test substances, providing a sufficient foundation for her testimony that the substances found in the apartment were marihuana and cocaine (*see People v Wright, supra* at 728). The court did not abuse its discretion in admitting this testimony.

Defendant contends that County Court erroneously failed to

charge the jury as he requested. Initially, any argument concerning the charge is unpreserved for our review because defendant did not object to the charge given or raise any additional requests at the conclusion of the charge despite the court's inquiry as to whether there were any exceptions (*see People v Burdick*, 266 AD2d 711, 713 [1999]). Upon our review of the record, the court charged the jury as defendant requested. The court correctly determined that the "home or place of business" exception to possession of a loaded weapon under Penal Law § 265.02 (4) does not apply if the defendant has previously been convicted of a crime, in which case such possession is a felony (*see* Penal Law § 265.02 [4], referring to Penal Law § 265.02 [1]; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 265, at 93). The indictment correctly noted that defendant fell within the subdivision (1) exception rendering the "home or place of business" exception inapplicable (*compare People v Newell*, 95 AD2d 815 [1983]), and the jury was charged accordingly.

Defendant also challenges County Court's decision to charge the jury that it must determine whether his girlfriend was an accomplice, rather than charging that she was an accomplice as a matter of law. But defendant only requested an accomplice charge, and the court so delivered. In any event, under the circumstances, we find that there was not undisputed evidence implicating the girlfriend in defendant's crime, so it was appropriate for the court to charge that the jury must determine whether she was an accomplice (*see People v Caban*, 5 NY3d 143, 152-153 [2005]; *People v Sweet*, 78 NY2d 263, 266-267 [1991]; *People v Adams*, 307 AD2d 475, 475-476 [2003], *lv denied* 1 NY3d 566 [2003]; *People v Fells*, 279 AD2d 706, 711 [2001], *lv denied* 96 NY2d 758 [2001]).

Defendant also argues that he was not afforded the effective assistance of counsel due to counsel's failure to object to the prosecutor's improper comments during summation, the admission of expert testimony, the jury charge addressing possession of a loaded weapon and County Court's ex parte communication with a juror. As noted above, most of the prosecutor's comments were proper and defense counsel twice made objections which were sustained. The expert testimony was properly admitted and the loaded weapon charge was proper, so objections would not have assisted defendant. While an objection to the ex parte communication may have permitted the court to more adequately address the situation with the entire jury, that issue was rendered academic when the court admitted the gun into evidence. Overall, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Finally, defendant's sentence was not harsh or excessive, considering his prior convictions for drug offenses and weapons possession, and that he possessed a loaded weapon in an apartment where he was dealing drugs and where two young children lived, one of whom could easily have reached the gun.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.