THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN WAGNER, Appellant. [811 NYS2d 125]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered January 9, 2002, as amended February 4, 2002, convicting him of attempted murder in the second degree (two counts), assault in the first degree, assault in the second degree, and aggravated harassment in the second degree (two counts), upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 25 years upon each conviction of attempted murder in the second

degree and upon the conviction of assault in the first degree, 7 years upon the conviction of assault in the second degree, and one year upon each conviction of aggravated harassment in the second degree.

Ordered that the judgment, as amended, is modified, as a matter of discretion in the interest of justice, by reducing the determinate terms of imprisonment imposed upon each conviction of attempted murder in the second degree and the conviction of assault in the first degree to 15 years; as so modified, the judgment, as amended, is affirmed.

The defendant and his codefendant Christopher Slavin were jointly charged, inter alia, with attempted murder in the second degree (two counts) and aggravated harassment in the second degree relating to an attack on two men from Mexico. Christopher Slavin was separately tried and convicted of the crimes charged and his conviction was affirmed by this Court and the Court of Appeals (*see People v Slavin*, 299 AD2d 499 [2002], *affd* 1 NY3d 392 [2004], *cert denied* 543 US 818 [2004]).

As noted by the Court of Appeals in *People v Slavin* (1 NY3d at 398), white supremacist tattoos were relevant as to motive and intent to commit aggravated harassment in the second degree. "The tattoos were physical characteristics, not testimony forced from his mouth" (*id.* at 394-395). Although the tattoos "may have reflected [the] defendant's inner thoughts, the People did not compel him to create them in the first place" (*id.* at 395). Nor did the admission of the tattoos as evidence in a criminal proceeding violate the defendant's right to free speech (*see Wisconsin v Mitchell*, 508 US 476 [1993]; *Haupt v United States*, 330 US 631 [1947]).

The trial court properly permitted a prosecution witness to give expert testimony with respect to the defendant's tattoos after it was established that the witness possessed the requisite training and experience to qualify as a expert on hate crimes and the meaning of the defendant's tattoos (*see People v Leung*, 272 AD2d 88, 89 [2000]). The trial court was not required to formally declare or certify the witness to be an expert (*id.* at 89; *see People v Gordon*, 202 AD2d 166, 167 [1994]; *People v Sherrod*, 181 AD2d 700, 701 [1992]; *People v Duchowney*, 166 AD2d 769, 770 [1990]). Accordingly, it was for the jury to determine what weight, if any, to give to his testimony (*see People v Leung, supra; People v Sherrod, supra; People v Duchowney, supra*).

Further, the trial court providently exercised its discretion in precluding the defense from presenting psychiatric evidence. The defense failed to serve the required notice within 30 days of the defendant's arraignment, never filed the notice with the

trial court in violation of CPL 250.10 (2), and failed to establish good cause for its failure to do so (*see People v Brown*, 4 AD3d 886 [2004]; *People v Rizzo*, 267 AD2d 1041 [1999]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions are without merit. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.