■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MAYS, Appellant. [864 NYS2d 442]—Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered August 25, 2004, convicting him of murder in the second degree, manslaughter in the second degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the fact-finder, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that CPL 270.10 is unconstitutional is unpreserved for appellate review (*see* CPL 470.05 [2]). Moreover, the defendant's contention is not properly before this Court since he failed to notify the Attorney General that he was challenging the constitutionality of a state statute (*see* CPLR 1012 [b] [1], [3]; *People v Whitehead,* 46 AD3d 715, 716 [2007]).

The defendant's contention that the trial court was required to formally declare or certify certain witnesses as experts is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Wagner,* 27 AD3d 671, 672 [2006]; *People v Gordon,* 202 AD2d 166, 167 [1994]).

The defendant was afforded the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]).

The defendant's contention, raised in point one of his brief, regarding the untimely disclosure of certain *Rosario* material (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US

866 [1961]), is unpreserved for appellate review and, in any event, is without merit. The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.