██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SMITH, Appellant. [931 NYS2d 803]—

McCarthy, J.

Defendant, while incarcerated in a state prison, was involved in a fight with another inmate. When correction officers intervened, defendant head-butted one of them. As a result, defendant was charged with two counts of assault in the second degree. Following trial, he was convicted of one count. County Court sentenced him, as a second violent felony offender, to seven years in prison, followed by five years of postrelease supervision, to run consecutively to his prior sentences. Defendant appeals.

The conviction was supported by legally sufficient evidence and was not against the weight of the evidence. As charged here, the People were required to prove that defendant was confined in a correctional facility pursuant to a prior conviction, he intended to cause physical injury to another person, and he "cause[d] such injury to such person or to a third person" (Penal Law § 120.05 [7]). The parties stipulated to defendant's prior convictions. The incident occurred in a correctional facility where defendant was confined. Two correction officers testified that, while they were separating defendant from another inmate with whom he was fighting, defendant head-butted one of the

officers. A correction sergeant and officer each testified that, during an interview after the incident, defendant admitted that he head-butted the person who restrained him. Medical personnel testified that the injured correction officer sustained a concussion and neck and back strain, and the officer testified that he missed five months of work due to the injuries inflicted by defendant. This evidence was legally sufficient to establish the elements of assault in the second degree. Defendant testified that he was confined in a correctional facility, engaged in a fight with another inmate, continued to throw punches after being ordered to stop fighting, and was restrained and knocked to the floor by correction officers. Although he denied head-butting anyone and testified that he never made any such admission when questioned by the correction sergeant, the jury disbelieved those portions of his testimony. Giving deference to the jury's credibility determinations (*see People v Romero*, 7 NY3d 633, 644-645 [2006]), the conviction was not against the weight of the evidence.

County Court did not address defendant's motion to suppress his statement to the correction sergeant. After counsel stated that defendant was waiving his right to a *Huntley* hearing, the court placed defendant under oath and questioned him to ensure that defendant understood the effects of his waiver. Without a hearing, we cannot determine whether defendant's statement was involuntary (*see People v Corti*, 88 AD2d 345, 347 [1982]). Considering the explicit waiver and lack of a record to review the suppression motion, this Court will not now review the issue.

Aside from his arguments that he did not receive the effective assistance of counsel and that his sentence is harsh and excessive, defendant's remaining arguments are unpreserved for our review because he failed to raise them in County Court. Accordingly, we will only address those unpreserved arguments to the extent that they are relevant to counsel's performance. Counsel's decision to waive the *Huntley* hearing could represent a reasoned judgment that the motion was unsupportable, as there is no evidence suggesting that defendant's statement was involuntary, and we will not second-guess counsel's reasoned professional determinations (*cf. People v Merrill*, 27 AD3d 773, 774 [2006], *lv denied* 6 NY3d 896 [2006]). Counsel was not ineffective for failing to object to the People's summation, because the prosecutor's comments were entirely proper (*see People v Lamont*, 21 AD3d 1129, 1131-1133 [2005], *lv denied* 6 NY3d 835 [2006]; *People v Grajales*, 294 AD2d 657, 658-659 [2002], *lv denied* 98 NY2d 697 [2002]).

Defendant also contends that counsel should have objected, moved to dismiss the indictment or sought an adverse inference charge due to the destruction of evidence. The People initially stated that defendant's interview by the correction sergeant after the incident was memorialized on videotape. The Department of Correctional Services informed the People—and its employees testified at trial—that after an incident involving an injury to staff, a videotape is made of the inmate being interviewed, examined by medical personnel and escorted to his or her cell. The tape is made to record any further violence by the inmate and to ensure that no staff used unnecessary force or retaliated against the inmate for injuring a fellow staff member. Once a supervisor reviews the tape to ensure that the inmate and staff behaved properly—as happened here—the tape is recycled; tapes are apparently only preserved if further violence or force are recorded. The Department does not record the inmate for purposes of prosecution related to the initial incident.

The destruction of the tape did not violate defendant's rights under *Brady v Maryland* (373 US 83 [1963]) or *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), because the videotape was never under the control or in the possession of the People or its agents, but was instead in the possession of an administrative agency that was not performing law enforcement functions (*see People v Kelly*, 88 NY2d 248, 253 [1996]; *People v Howard*, 87 NY2d 940, 941 [1996]; *People v Figueroa*, 53 AD3d 779, 781 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Ross*, 282 AD2d 929, 931 [2001], *lv denied* 96 NY2d 907 [2001]). For the same reason, defendant was not entitled to an adverse inference charge (*see People v Figueroa*, 53 AD3d at 781). The officer who operated the video camera and the sergeant who interviewed defendant both testified; therefore, defendant's right to confrontation was not violated despite the destruction of the videotape (*see Crawford v Washington*, 541 US 36, 59 n 9 [2004]). The motions and objections defendant now asserts that his counsel should have made would not have been successful. Accordingly, counsel provided meaningful representation.

Finally, considering defendant's criminal history, that he was in prison when he committed this crime and the injury that he inflicted upon a correction officer, the sentence was not harsh or excessive (*see People v Cioto*, 80 AD3d 875, 877 [2011], *lv denied* 16 NY3d 829 [2011]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.