## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 21, 2016                    106541
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

TAMMY L. HOTALING,
                    Appellant.
_____


Calendar Date:  November 19, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
         Devine, JJ.

                        _____


        Abbie Goldbas, Utica, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Otsego County
(Burns, J.), rendered February 21, 2014, upon a verdict
convicting defendant of the crime of criminal sale of a
controlled substance in the third degree.

        Following her alleged sale of cocaine to a confidential
informant (hereinafter CI) during a controlled buy monitored by
several nearby law enforcement officers and captured by audio and
video recording devices placed in the CI's vehicle, defendant was
charged in a single-count indictment with criminal sale of a
controlled substance in the third degree.  After a jury trial,
she was convicted as charged and sentenced, as a second felony
offender, to a prison term of seven years, plus two years of

postrelease supervision.  Defendant appeals.

We affirm.  Defendant first maintains that the integrity of the grand jury proceeding was compromised when, in response to a question as to whether he provided his services "for nothing," the CI falsely responded, "Correct."  While the presentation of false testimony to the grand jury can impact the integrity of the proceeding (see CPL 210.35 [5]; People v Pelchat, 62 NY2d 97, 106 [1984]), the questioning here centered on whether the CI was paid for his services, to which the CI added that he had been paid in the past, but not here.  Notably, the People presented the testimony of Michael Ten Eyck, an investigator in the Otsego County Sheriff's Office, who clarified the CI's misstatement by explaining that the CI had agreed to participate in exchange for leniency relative to several traffic tickets.  While the CI's statement was incomplete and, thus, misleading, the details of the cooperation agreement pertained only to the collateral issue of the CI's credibility and not the core question for the grand jury to decide as to whether a prima facie case existed (see People v Hansen, 290 AD2d 47, 50-51 [2002], affd 99 NY2d 339 [2003]).  In view of Ten Eyck's testimony, we perceive no undue prejudice, and a dismissal of the indictment is not warranted (see People v Charles-Pierre, 31 AD3d 659, 659 [2006]; People v Hansen, 290 AD2d at 50-51).

Defendant further alleges that the People committed Brady, Rosario and Ventimiglia violations and the prosecutor made improper comments during summations, effectively depriving her of a fair trial.  We are not persuaded.  As for the alleged Brady violations, defendant maintains that the People failed to disclose the complete terms of the CI's cooperation agreement and a text message purportedly sent by defendant to the CI initiating the cocaine sale.  While defendant failed to preserve this argument by raising a timely objection at trial (see CPL 330.30 [1]; People v Ross, 43 AD3d 567, 569 [2007], lv denied 9 NY3d 964 [2007]), the argument is, in any event, without merit.  The People clearly have a duty to disclose the terms of any cooperation agreement with a witness and, in fact, did so (see People v Novoa, 70 NY2d 490, 496-497 [1987]).  Contrary to defendant's argument, the record shows that, in response to defendant's demand to produce, the People disclosed that the CI

"was working with the police in exchange for leniency on pending charges."  Moreover, this arrangement was detailed during the cross-examination of the CI.  As for the text message, the CI's testimony revealed that he received the text message from defendant and then notified the police of her offer to sell him cocaine; therefore, he was not acting as an agent of law enforcement at the time he received the message.  It follows that the People were under no obligation to secure, preserve or disclose the text message (see CPL 240.20; People v Smith, 89 AD3d 1148, 1150 [2011], lv denied 19 NY3d 968 [2012]).  Moreover, the text message was clearly inculpatory.  As such, were this issue before us, we would perceive no Brady or Rosario violations relative to the text message (see People v Smith, 89 AD3d at 1150; People v Burroughs, 64 AD3d 894, 898 [2009], lv denied 13 NY3d 794 [2009]).  Next, we find no merit in defendant's remaining Rosario argument that the People failed to disclose the CI's criminal history.  The People's contention that they provided defendant with the CI's latest criminal history prior to trial (see CPL 240.45 [1] [b]) is confirmed by the fact that defense counsel cross-examined the CI as to his criminal history.

Defendant's Ventimiglia challenge was also unpreserved because she failed to object to Ten Eyck's testimony suggesting that defendant had engaged in prior criminal activity with the CI.  In any event, were this issue properly before us we would find it to be without merit.  Although the prosecutor asked open-ended questions that elicited Ten Eyck's response, the prosecutor did not directly ask about defendant's prior acts (see People v Robinson, 16 AD3d 768, 770 [2005], lv denied 4 NY3d 856 [2005]).  Moreover, after conferring with counsel, County Court issued a prompt curative instruction to "disregard any testimony about any prior dealings between the [CI] and [defendant]."  As for the prosecutor's comment during summation that "[t]he only way you can find this defendant not guilty is if you somehow feel sorry for her," we note that defendant did not object and, thus, her argument is unpreserved (see People v Nadal, 131 AD3d 729, 731 [2015], lv denied 26 NY3d 1041 [2015]; People v Lamont, 21 AD3d 1129, 1131 [2005], lv denied 6 NY3d 835 [2006]).  In any event, this isolated comment did not rise to the level of prosecutorial misconduct warranting a new trial.

        Finally, we are not persuaded by defendant's assertion that she was deprived of the effective assistance of counsel.  It is noteworthy that County Court assigned two attorneys to represent defendant at trial.  While defendant takes issue with defense counsel's failure to obtain more detail as to the cooperation agreement with the CI, the terms of that agreement were explored during cross-examination.  Nor are we persuaded that counsel failed to adequately object to Ten Eyck's testimony explaining how the controlled buy was arranged with the CI, or that defense counsel's efforts to impeach certain witnesses were inadequate. The standard here is one of meaningful representation (see People v Oathout, 21 NY3d 127, 128 [2013]), and we are satisfied that meaningful representation was provided.

        Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur.


        ORDERED that the judgment is affirmed.




                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court