Deliz v Julia Rose Transp. (2024 NY Slip Op 02169)

Deliz v Julia Rose Transp.

2024 NY Slip Op 02169

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-04607
 (Index No. 151418/20)

[*1]Brian Deliz, appellant, 
v
Julia Rose Transport, et al., respondents.

Krentsel Guzman & Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Ehrlich Gayner, LLP (Strikowsky Drachman & Shapiro, New York, NY [Theodore L. Hecht], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated May 23, 2022. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of liability in accordance herewith.
The plaintiff commenced this action against the defendant Nicholas Angelo Lamirata and the defendant Julia Rose Transport, as Lamirata's employer, to recover damages for personal injuries that he alleged he sustained in a motor vehicle accident. At a trial on the issue of liability, the plaintiff presented the expert testimony of Michael Kravitz. Kravitz testified that, based upon his analysis, which included the use of computer generated models, the plaintiff's description of the accident, which was that Lamirata's vehicle collided with the plaintiff's vehicle after drifting into the plaintiff's lane, was the most probable scenario. However, after Kravitz testified, the defendants moved to preclude his testimony because the plaintiff neglected to offer Kravitz as an expert in a particular field. The plaintiff opposed this motion. The Supreme Court granted the defendants' motion and precluded Kravitz's testimony. The jury was instructed to disregard Kravitz's testimony, and, at the conclusion of the trial, the jury found in favor of the defendants, returning a verdict finding that Lamirata was not negligent. The Supreme Court entered a judgment, upon the jury verdict, in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in precluding the testimony of Kravitz, an accident reconstruction expert. As Kravitz's testimony concerning his qualifications and experience provided a sufficient foundation for his opinion testimony, the court was not required to formally declare or certify Kravitz as an expert (see People v Ratliff, 165 AD3d 845, 846; People v Wagner, 27 AD3d 671, 672). At the trial, the plaintiff and the defendants presented inconsistent versions as to how the accident occurred. Therefore, the court's preclusion of Kravitz's testimony [*2]pertaining to the probability of how the collision occurred deprived the plaintiff of a fair trial (see Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1185).
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Richmond County, for a new trial on the issue of liability in accordance herewith.
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court