People v Macias
2026 NY Slip Op 03396
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Christopher Macias, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 70538/22|Appeal No. 6771|Case No. 2024-00919|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Barket Epstein Kearon Aldea & Loturco, LLP, Garden City (Kristen Fontaine of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered January 29, 2024, convicting defendant, after a jury trial, of predatory sexual assault (two counts), rape in the first degree (three counts), and criminal sexual act in the first degree, and sentencing him to concurrent terms of 18 years to life on each predatory sexual assault count, and 15 years on each rape count and on the criminal sexual act count, unanimously modified, on the law, to the extent of vacating the convictions of two counts of rape in the first degree charged in counts 3 and 4 of the indictment and dismissing those counts, and otherwise affirmed.
Since first-degree rape is an element of predatory sexual assault as charged here (see Penal Law § 130.95[2]), the two counts of first-degree rape against the second victim are lesser included offenses of the predatory sexual assault counts. Thus, as the People concede, those two convictions of first-degree rape should be vacated and those counts dismissed (see generally, People v Glover, 57 NY2d 61, 63-64 [1982]), and there is no need to address whether those convictions violate double jeopardy principles. However, the first-degree rape and first-degree criminal sexual act against the first victim are not lesser included offenses. Consistent with the statutory language of Penal Law § 130.95(2), the court's instructions permitted the jurors to convict defendant of predatory sexual assault if they found that he committed either first-degree rape or first-degree criminal sexual act against the first victim. Thus, defendant could have committed predatory sexual assault against the second victim without having raped the first victim if the evidence proved that he committed a criminal sexual act against her, or if the reverse findings were made. Since it was not impossible to commit the greater crime without committing rape or criminal sexual act against the first victim, provided that the jury found that one of those crimes was committed, they did not constitute inclusory offenses.
Defendant's independent convictions of first-degree rape and first-degree criminal sexual act involving the first victim do not violate double jeopardy protections (see People v Williams, 14 NY3d 198, 214 [2010], cert denied 562 US 947 [2010]; People v Biggs, 1 NY3d 225, 228-229 [2003], see also United States v DiFrancesco, 449 US 117, 129 [1980]). Defendant could have committed either of the two lesser crimes without committing predatory sexual assault, and he could have committed the greater crimes without having committed either one or the other of the lesser counts. In any event, defendant received concurrent sentences, "thereby eliminating any issue of multiple punishments" (People v Leung, 272 AD2d 88, 89 [1st Dept 2000]).
[*2]
Defendant argues that the indictment charging him with a single count of first-degree rape as to the first victim was duplicitous because the first victim's testimony alleged, in addition to the rape in the back seat of defendant's car, a second rape in the front seat. Defendant did not raise a duplicity claim at trial; thus, his claim is unpreserved (see People v Allen, 24 NY3d 441, 448 [2014]), and we decline to review it in the interest of justice. "To allow an unpreserved claim of duplicitousness to be raised on appeal would open the door to abuse," since a defendant could choose to let a duplicitous indictment stand at trial and then, on appeal, "obtain a new trial on the basis of an error they consciously decided not to challenge" (see People v Becoats, 17 NY3d 643, 651 [2011], cert denied 566 US 964 [2012]). As an alternative holding, we find his claim to be unavailing. Although the victim's brief mention, and defendant's more detailed account, of sexual contact in the front seat would have satisfied the statutory definition of "sexual intercourse," both defense counsel and the prosecutor consistently focused the jury's attention on the conduct in the back seat as the basis of the charges. Thus, there was no danger that a juror would have convicted defendant of raping the first victim based on his conduct in the front seat, and reversal of the rape and predatory sexual assault counts is not warranted (see generally, People v Codina, 110 AD3d 401, 410 [1st Dept 2013]).
Defendant did not preserve his claim of a variance between the indictment and the trial proof (see People v Jackson, 192 AD3d 486, 487 [1st Dept 2021], lv denied 37 NY3d 957 [2021]), and we decline to review his claim in the interest of justice. As an alternative holding, we find no basis for reversal. The People's theory in the grand jury and at trial was that defendant raped the first victim in the back seat of his car, and the defense proceeded under the same theory. Accordingly, "defendant was not deprived of fair notice of what the People would attempt to prove" (People v Grega, 72 NY2d 489, 496 [1988]). Notably, "there was no variance between the trial evidence and the language of the indictment" (see People v Medina, 37 AD3d 240, 241 [1st Dept 2007], lv denied 9 NY3d 847 [2007]).
The court's Sandoval ruling, which permitted inquiry into the names of three prior convictions without eliciting the underlying facts or referring to them as felonies, was a provident exercise of its discretion. Defendant's conviction of burglary, a theft-related offense, was "highly relevant to credibility" (see People v Smith, 275 AD2d 673, 674 [1st Dept 2000], lv denied 95 NY2d 969 [2000]). His New Jersey convictions for resisting arrest and throwing bodily fluids at a law enforcement officer demonstrated his willingness to put his own interests above those of the community (see People v Hayes, 97 NY2d 203, 207 [2002]).
[*3]
Defendant did not object to the court's charge on predatory sexual assault and thus has not preserved his claim. While the prosecutor alerted the court to the omission of the forcible compulsion element as to the aggravating factor of first-degree rape, defendant did not "make clear to the judge that he shared" the objecting party's view (People v Bailey, 32 NY3d 70, 79-80 [2018]; see People v Lombardo, 61 NY2d 97, 104 [1984]). We decline to review his claim in the interest of justice. On four separate occasions, the jury heard that first-degree rape required the use of "forcible compulsion." Thus, considering the charge as a whole, having heard the correct instructions four times, the jury would have understood "the correct rules which should be applied in arriving at a decision" (People v Drake, 7 NY3d 28, 33-34 [2006]; see People v Umali, 10 NY3d 417, 426-428 [2008], cert denied 556 US 1110 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026