■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES VINCENT, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 19, 1984, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, attempted aggravated assault upon a police officer, reckless endangerment in the first degree and resisting arrest.

Defendant, who had become intoxicated drinking with his brother at the apartment of two friends, fell from a second story balcony and, against his will, was taken by ambulance to the Cohoes Memorial Hospital for treatment. he refused to be admitted into the hospital and became involved in an altercation with a City of Cohoes policeman who attempted to break up an argument on the hospital grounds and disperse defendant, his brother and their friends. During this incident, defendant managed to unholster the officer's gun and, in the struggle over the gun, three shots were discharged, one of which inflicted powder burns upon the officer. Defendant was convicted by a jury upon each of the four counts for which he was indicted. Defendant received the following concurrent prison sentences: 5 to 15 years for criminal possession of a weapon in the second degree, 5 to 15 years for attempted aggravated assault upon a police officer, 2⅓ to 7 years for reckless endangerment in the first degree, and one year for resisting arrest. On this appeal, defendant contends that he was denied a fair trial as the result of unwarranted participation during the trial by the court, that the trial court erred in refusing to charge second degree reckless endangerment as a lesser included offense, and that the sentence imposed was excessive.

We have examined each of the instances cited in defendant's brief as improper conduct by the trial court and, while we appreciate counsel's concern, we are unable to agree that the jury was prevented from arriving at an impartial judgment on the merits. Although the court refused several requests for bench conferences, requests were granted on other occasions. We do not find certain remarks to have been caustic or otherwise intended to embarrass the defense attorney. Contrary to defendant's suggestions, we do not agree that the trial court acted as an advocate rather than an impartial tribunal by excessive questioning or interference with the conduct of the trial (see, e.g., *People v Yut Wai Tom,* 53 NY2d 44; *People v De Jesus,* 42 NY2d 519). "[T]he court may put appropriate questions to witnesses and, of course, make such rulings, evidentiary and otherwise, as the proper conduct of the case and the range of discretion entrusted to it for that purpose require" *(People v Moulton,* 43 NY2d 944, 945). In our view, the trial court acted within the scope of its authority.

We similarly reject defendant's contention of error in the trial court's refusal to charge the lesser included offense of reckless endangerment in the second degree. Under the first tier of the two-tier test delineated in *People v Glover* (57 NY2d

61), it is readily apparent that reckless endangerment in the second degree is a lesser included offense of the charged crime of reckless endangerment in the first degree. However, we find that there is no reasonable view of the evidence from which the jury could have found that defendant did in fact commit the lesser but not the greater charge *(see,* CPL 300.50; *People v Green,* 56 NY2d 427, 430, 434; *People v Scarborough,* 49 NY2d 364, 368).* A review of the record establishes that defendant stood directly in front of and facing Officer Robert Connell, who felt a punching motion to his lower chest area on the right side below the rib cage. Connell looked and saw defendant holding his police pistol (.357-caliber Magnum) against his chest area. As Connell pushed the gun from his chest it discharged, inflicting powder burns on his right side. Thereafter, the gun was discharged two additional times. The sole question is whether there is a reasonable view of these circumstances upon which the jury could find that defendant did not create a grave risk of death (Penal Law § 120.25 [reckless endangerment in the first degree]) but only created a substantial risk of serious physical injury (Penal Law § 120.20 [reckless endangerment in the second degree]). It is beyond cavil that a .357-caliber Magnum handgun held against the lower chest area below the rib cage creates a grave risk of death, not simply a substantial risk of serious physical injury. Therefore, the trial court correctly refused to charge the lesser included offense as requested *(see, People v Glover, supra; People v Galvin,* 104 AD2d 527, *mod* 65 NY2d 761).

Finally, we are persuaded that the sentence was harsh and excessive and should be reduced. The People commendably agree. In view of the bizarre circumstances giving rise to the occurrence, the sentences, which are concurrent, should be reduced to a term of imprisonment of 2 to 6 years for the crime of reckless endangerment in the first degree, 2 to 6 years for the crime of criminal possession of a weapon in the second degree, and 2 to 6 years for the crime of attempted aggravated assault upon a police officer. The definite term of one year for the crime of resisting arrest should remain intact.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon defendant in accordance with the terms of this decision, and, as so modified, affirmed. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.