■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACEO PARKS, Appellant. [722 NYS2d 15] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered May 10, 1999, convicting defendant, after a jury trial, of reckless endangerment in the first degree, criminal possession of stolen property in the fourth and fifth degrees, unauthorized use of a vehicle in the second degree, possession of burglar's tools and auto stripping in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 7½ to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning the reliability of the officers' identification of defendant as the driver of the vehicle in question. There was overwhelming evidence of defendant's guilt of reckless endangerment in the first degree (*see*, Penal Law § 120.25; *People v Chrysler*, 85 NY2d 413). Defendant drove onto a sidewalk on Lexington Avenue at a speed in excess of 50 miles per hour; struck the wall of a bank, causing debris to fly off the building, some of which entered a police car; hit structures, including newspaper vending machines and telephone booths, sending some of them flying in the air, and causing one of these structures to hit the police car; and ultimately crashed into a light pole. Although this occurred at 3:30 in the morning and the sidewalk was deserted, defendant nevertheless created a grave risk of death to anyone who might have come into his path, as well as to police officers. Under these facts, there was no reasonable view of the evidence to warrant instructing the jury on the lesser included offense of second-degree reckless endangerment, and the court properly declined to submit that charge (*People v Walker*, 258 AD2d 541, *lv denied* 93 NY2d 880).

We perceive no abuse of sentencing discretion. Concur—Sullivan, P. J., Williams, Tom, Saxe and Friedman, JJ.