■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant. [734 NYS2d 252] —Cardona, P. J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered May 5, 1999, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree (three counts), criminal mischief in the second degree, criminal mischief in the fourth degree and resisting arrest.

On August 14, 1998, defendant led members of the Columbia County Sheriff's Department and the State Police on a 30-minute high-speed chase in Columbia County while trying to evade being apprehended on an outstanding arrest warrant. The chase ended after defendant abandoned his vehicle, fled into a nearby wooded area and was taken into custody while trying to cross a stream.

Defendant was indicted for reckless endangerment in the first degree (counts 1, 5 and 6), assault in the second degree (count 2), criminal mischief in the second degree (counts 3 and 4) and resisting arrest (count 7). Following trial, the jury found defendant guilty of all the charges except criminal mischief in the second degree under count 4. Under that count, the jury found defendant guilty of the lesser included offense of criminal mischief in the fourth degree. Following the verdict, County Court partially granted defendant's motion for a trial order of dismissal (*see*, CPL 290.10 [1]) and dismissed the assault charge for insufficient evidence of physical injury. The court sentenced defendant as a second felony offender to four consecutive prison terms of 3½ to 7 years for the reckless endangerment and criminal mischief in the second degree convictions, and concurrent one-year jail terms for criminal mischief in the fourth degree and resisting arrest.

Initially, we find no error in the Trial Judge's refusal to recuse himself on the ground that, when he served as District Attorney, he had prosecuted defendant on an unrelated matter (*see, People v Miller*, 194 AD2d 230, 231, *lv denied* 83 NY2d 913; *People v Rosato*, 193 AD2d 1052, 1053, *lv denied* 84 NY2d 910; *People v Alnutt*, 172 AD2d 1061, *lv denied* 78 NY2d 1073).

Defendant also contends that County Court improperly admitted into evidence the tape recording of police radio transmissions produced during the chase, arguing that it impermissibly bolstered the testimony of law enforcement officers who participated in that chase. The tape was received under the present sense impression exception to the hearsay rule which permits the introduction of "spontaneous descriptions of events made substantially contemporaneously with the observations * * * if the descriptions are sufficiently corroborated by other evidence" (*People v Brown*, 80 NY2d 729, 734). Jack Race, Communications Sergeant for the Columbia County Sheriff's Department, testified that all radio transmissions are automatically taped by the Department's voice-activated digital tape recording system. His testimony established the contemporaneity of the tape and the observations of the events described by the pursuing officers. However, proof that the pursuing officers' statements were made at the time of the events did not "suffice to satisfy the entirely separate requirement that the content of the communication be corroborated by independent proof" (*People v Vasquez*, 88 NY2d 561, 575). The record does not contain such independent proof. None of the pursuing officers who testified at the trial nor anyone else confirmed that the tape was an accurate recording of all the events as they occurred. Accordingly, the tape was not properly admitted as a present sense impression exception to the hearsay rule. However, we find such nonconstitutional error harmless since, even if the tape had not been admitted into evidence, there was no significant probability that the jury would have acquitted defendant in light of the overwhelming evidence of his guilt (*see, People v Kello*, 96 NY2d 740, 744; *People v Crimmins*, 36 NY2d 230, 241-242).

Turning to defendant's claim regarding the propriety of the prosecutor's opening and closing remarks, we note the absence of any objections thereto. Consequently, the issue has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Ward*, 282 AD2d 819, 823; *People v West*, 271 AD2d 806, 809, *lv denied* 95 NY2d 893). Moreover, since defendant has failed to establish substantial prejudice (*see, People v Geddes*, 258 AD2d 679, 681, *lv denied* 93 NY2d 970), we decline to exercise our interest of justice review power (*see,* CPL 470.15 [3] [c]; [6] [a]).

We next address defendant's argument that County Court erred when it denied his request to charge reckless endangerment in the second degree as a lesser included offense of reckless endangerment in the first degree. While defendant has satisfied the first prong of the two-prong test for entitlement to a lesser included offense charge (see, People v Glover, 57 NY2d 61, 63-64), namely, that it is theoretically impossible to commit reckless endangerment in the first degree without concomitantly committing the lesser crime of reckless endangerment in the second degree (see, People v Smith, 234 AD2d 997, lv denied 89 NY2d 1101; People v Vincent, 115 AD2d 179, 180-181), we agree with County Court's conclusion that defendant did not meet the second prong in that no reasonable view of the evidence would support a finding that defendant committed the lesser crime but not the greater crime of reckless endangerment in the first degree based upon the facts presented here (see, People v Glover, supra, at 63). The record demonstrates that defendant operated his vehicle at speeds in excess of 90 miles per hour in heavy traffic while repeatedly crossing into the on-coming lane forcing numerous motorists on State Route 9H to take evasive action to avoid colliding with him. Defendant then drove through the four-way intersection at County Route 21 and McCag Road at a speed in excess of 60 miles per hour, fishtailing and nearly striking—within one foot—an occupied automobile which had pulled off the side of the road. He narrowly missed two other vehicles in operation before crossing all four (northbound and southbound) lanes of Route 9H causing traffic in both directions to stop. Under the circumstances, there is no reasonable view of the evidence that defendant's conduct "create[d] a substantial risk of serious physical injury" (Penal Law § 120.20) to other motorists at those locations, but did not "evinc[e] a depraved indifference to human life * * * which create[d] a grave risk of death" (Penal Law § 120.25; see, CPL 300.50 [1]; People v Parks, 281 AD2d 217, lv denied 96 NY2d 866; People v Walker, 258 AD2d 541, lv denied 93 NY2d 880).

Finally, we find no merit to defendant's contention that County Court's imposition of consecutive sentences on the three counts of reckless endangerment in the first degree and criminal mischief in the second degree was improper because those offenses were committed through "one continuous incident," i.e., the car chase by which defendant intended to elude capture. Rather, each crime involved separate successive acts occurring within the chase: (1) defendant's operation of his vehicle at a high rate of speed while repeatedly crossing the on-coming lane of Route 9H, (2) speeding through the intersection

of Route 21 and McCag Road, (3) careening across all four lanes of Route 9H and (4) intentionally ramming a Deputy Sheriff's patrol car, none of which was a material element of the other (*see,* Penal Law § 70.25 [2]; *People v Bryant,* 92 NY2d 216, 231; *People v Kendrick,* 261 AD2d 646, *lv denied* 93 NY2d 1021).

We have examined defendant's remaining contentions and find them without merit.

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.