■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIF MUSLIM, Appellant. [805 NYS2d 308]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered December 3, 2002, convicting defendant, after a jury trial, of reckless endangerment in the first degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and one year, respectively, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication and remanding for resentencing, and otherwise affirmed.

The court properly declined to submit the lesser included offense of second-degree reckless endangerment. There was no reasonable view of the evidence, viewed most favorably to defendant, that would support such a charge. Even giving due consideration to trial issues concerning police credibility, there was still no reasonable view other than that defendant led the police on a very dangerous high speed chase, and that his conduct established first-degree reckless endangerment (see People v Parks, 281 AD2d 217 [2001], lv denied 96 NY2d 866 [2001]).

Defendant was adjudicated a second felony offender on the basis of a prior conviction under New Jersey law for aggravated assault (NJ Stat Ann § 2C:12-1 [b] [1]). However, that offense can be committed through nonintentional conduct that is not the equivalent of reckless endangerment in the first degree (Penal Law § 120.25), since, unlike the New York statute, the New Jersey statute does not require creation of a grave risk of death. Matter of Villar (212 AD2d 86, 87 [1995]) is not to the contrary, because it only found the two statutes in question to be "essentially similar" under the standard applicable to automatic disbarment of a convicted attorney (see Matter of Cahn v Joint Bar Assn. Grievance Commn. for Second & Eleventh Jud. Dists., 52 NY2d 479, 482 [1981]; Matter of Chu, 42 NY2d 490, 492-493 [1977]). Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.