◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAJHAT IBRAHIM, Appellant. [849 NYS2d 850]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 9, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to the contention of defendant, the facts and circumstances surrounding his waiver of the right to appeal establish that it was voluntary, knowing and intelligent (*see People v Seaberg*, 74 NY2d 1, 11 [1989]; *People v Jeter*, 15 AD3d 885 [2005], *lv denied* 4 NY3d 887 [2005]). The valid waiver by defendant of his right to appeal encompasses his further contention concerning the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Although the contention of defendant that County Court erred in imposing an enhanced sentence based upon his postplea arrest survives his waiver of the right to appeal (*see People v Williams*, 35 AD3d 1198, 1199 [2006], *lv denied* 8 NY3d 928 [2007]), we conclude that defendant's contention lacks merit. Here, the record establishes that the court did not impose an enhanced sentence but in fact imposed the agreed-upon sentence. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.