■ In the Matter of MICHAEL MELENDEZ, Petitioner, v JAMES L. BERBARY, Respondent. [886 NYS2d 64]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Christopher J. Burns, J.], entered February 12, 2009) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. DIETZ, Appellant. [885 NYS2d 811]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered March 3, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [3]), defendant contends that County Court erred in imposing the agreed-upon sentence rather than a reduced sentence, based on his alleged violation of the terms and conditions of the plea agreement. Although we agree with defendant that his contention survives his waiver of the right to appeal (*see People v Ibrahim*, 48 AD3d 1095 [2008]), defendant did not object at sentencing or move to withdraw his plea and thus failed to preserve his contention for our review (*see* CPL 470.05 [2]). In any event, defendant's contention is without merit. The court stated during the plea proceeding that it would "consider the possibility" of a reduced sentence if defendant admitted his responsibility and was truthful with the Probation Department. The record establishes, however, that defendant did not accept responsibility for the crime inasmuch as, after pleading guilty to having oral sex with a child under the age of 11, he stated at sentencing and during an interview with the Probation Department that he did not have sex with the victim until she was 14 or 15 years old. Thus, defendant did not admit his responsibility for his actions (*see People v Hicks*, 98 NY2d 185, 189 [2002]). Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.