■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KINANCHY DE AGA, Appellant. [903 NYS2d 39]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered July 14, 2008, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously reversed, as a matter of discretion in the interest of justice, the plea vacated, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered on or about July 21, 2009, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously dismissed as moot.

The record is clear that defendant was improperly adjudicated a second violent felony offender, based on a New Jersey conviction of aggravated assault (NJ Stat Ann § 2C:12-1 [b] [2]) that does not qualify as a New York felony, whether violent or otherwise. The statute encompasses conduct that would not be a felony in New York (*see generally People v Gonzalez*, 61 NY2d

586 [1984]), since it can be committed through nonintentional conduct (*cf. People v Muslim*, 23 AD3d 319 [2005], *lv denied* 7 NY3d 760 [2006] [similar paragraph of same statute not a New York felony]), and also because its definition of "bodily injury" is broader than "physical injury," as defined in Penal Law § 10.00 (9). Defendant's New Jersey indictment does not establish that he committed a New York felony, and while the New Jersey complaint provides more information, it was superseded by the indictment and therefore may not be used to resolve this issue (*see People v Yancy*, 86 NY2d 239, 246-247 [1995]).

Although defendant failed to preserve this claim (*see* CPL 400.15 [3]; *People v Smith*, 73 NY2d 961 [1989]; *People v Kelly*, 65 AD3d 886 [2009], *lv denied* 13 NY3d 860 [2009]), we reach the issue in the interest of justice. Misinformation as to defendant's status impacted plea negotiations. The parties were under the misapprehension that defendant was receiving the most lenient disposition permitted by law. Furthermore, whether defendant was a first felony offender or a second violent felony offender made a dramatic difference in the minimum sentence upon a conviction after trial for the original charge of completed second-degree weapon possession. These misapprehensions may have affected the People's offer, as well as defendant's decision to accept it.

Accordingly, we vacate the plea. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.