# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**905**

**KA 10-02248**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SCOTT O'BRIEN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 6, 2009.  The judgment convicted defendant, upon his plea of guilty, of gang assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of gang assault in the first degree (Penal Law § 120.07).  Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256).  That valid waiver forecloses any challenge by defendant to the severity of the sentence (*see id.* at 255; *People v Hidalgo*, 91 NY2d 733, 737), including his contention that the sentence is unduly harsh and severe because it is directed to run consecutively to a prior undischarged term of incarceration (*cf. People v Springstead*, 57 AD3d 1397, 1397-1398, *lv denied* 12 NY3d 788).

Defendant further contends that County Court erred in imposing an enhanced sentence based upon his postplea conduct by directing that the term of incarceration for his gang assault conviction run consecutively with the prior undischarged term of incarceration.  Although that contention survives defendant's valid waiver of the right to appeal (*see People v Dietz*, 66 AD3d 1400, 1400, *lv denied* 13 NY3d 906; *People v Ibrahim*, 48 AD3d 1095, 1095, *lv denied* 10 NY3d 864), defendant did not move to withdraw his plea and therefore failed to preserve his contention for our review.  In any event, the record establishes that the court did not impose an enhanced sentence and thus defendant's contention lacks merit (*see Ibrahim*, 48 AD3d at 1095; *see also Dietz*, 66 AD3d at 1400).  Indeed, the court advised defendant

at the plea proceeding that he should "expect" to receive and, "in all likelihood," would receive a consecutive sentence.  Even assuming, arguendo, that the court enhanced defendant's sentence, we conclude that the record supports the court's determination that defendant's postplea conduct warranted the imposition of a consecutive sentence. Finally, we reject defendant's contention that the court was bound by the recommendation in the presentence report that defendant be sentenced to a concurrent term of incarceration (*see People v Mills*, 17 AD3d 712, 713, *lv denied* 5 NY3d 766; *People v LaMarche*, 253 AD2d 944, 944).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                 Clerk of the Court