# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**974**

**KA 11-00793**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

LAMAR T. ANDERSON, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 23, 2011. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]). Defendant failed to preserve for our review his contention that County Court failed to conduct a sufficient inquiry pursuant to *People v Outley* (80 NY2d 702) into his violation of the conditions of the plea agreement before imposing an enhanced sentence (*see generally People v Vaillant*, 77 AD3d 1389, 1389-1390; *People v Dietz*, 66 AD3d 1400, 1400, *lv denied* 13 NY3d 906). Further, inasmuch as defendant conceded that he had lost his sentence cap because of a violation of the conditions of his plea agreement, the court had no independent duty to conduct such an inquiry (*see People v Harris*, 197 AD2d 930, 930, *lv denied* 82 NY2d 850). To the extent that defendant's further contention that he was denied effective assistance of counsel survives his plea of guilty (*see People v Hawkins*, 94 AD3d 1439, 1440-1441, *lv denied* 19 NY3d 974), we reject that contention. We conclude on the record before us that defendant received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404). Contrary to defendant's additional contention, the sentence is not unduly harsh or severe.

Entered: October 5, 2012                         Frances E. Cafarell
                                                 Clerk of the Court