Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 14, 2009. The judgment convicted defendant, upon her plea of guilty, of assault in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of assault in the first degree (Penal Law § 120.10 [1]). At the time of her plea on the assault count, defendant also admitted to a violation of probation. The sentence of probation had previously been imposed upon her conviction of robbery in the third degree (§ 160.05). As part of the negotiated plea agreement, defendant was promised that the sentences for the two convictions would be ordered to run concurrently. At the plea proceedings, County Court warned defendant that, if she was arrested on criminal charges or violated any of the terms of the orders of protection that were in place, it would no longer be bound by the sentencing agreement. Prior to sentencing, defendant was arrested and charged with criminal contempt in the first degree (§ 215.51 [b] [vi]) for violating a no contact order of protection. At sentencing, the court imposed an enhanced sentence by ordering that the sentences for the assault conviction and the violation of probation conviction run consecutively.
Defendant contends that the court erred in imposing an enhanced sentence because there was no “legitimate basis” for defendant’s arrest. Defendant failed to preserve her contention for our review because she failed to object to the enhanced sentence or to move to withdraw her plea or to vacate the judgment of conviction on that ground (see People v Baxter, 302 AD2d 950, 951 [2003], lv denied 99 NY2d 652 [2003]; People v Evans, 302 AD2d 893, 894 [2003], lv denied 100 NY2d 561 [2003]). In any event, defendant’s contention is without merit inasmuch as there was a sufficient inquiry made to support “the existence of a legitimate basis for the arrest on that charge” (People v Outley, 80 NY2d 702, 713 [1993]; see People v *1282 Ayen, 55 AD3d 1305, 1306 [2008]). At an Outley hearing, the complainant identified defendant’s voice in two telephone calls made to him while a no contact order of protection in his favor was in effect. Additionally, telephone records demonstrated that numerous telephone calls were made from the residence where defendant was staying to the complainant’s telephone during the period that the order of protection was in effect. Furthermore, we see no reason to disturb the sentence imposed. Present — Smith, J.E, Peradotto, Garni, Valentino and Martoche, JJ.