■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MEDINA, Appellant. [10 NYS3d 88]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered June 16, 2011, convicting defendant, upon his guilty plea, of attempted assault in the first degree and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

Defendant failed to preserve his claim that his Florida conviction does not qualify as a predicate New York violent felony, his claim does not fall within the "narrow exception to the preservation rule permitting appellate review when a sentence's illegality is readily discernible from the . . . record" (*People v Santiago*, 22 NY3d 900, 903 [2013]; *see also People v Samms*, 95 NY2d 52, 57 [2000]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant was properly adjudicated a second violent felony offender.

Florida's aggravated battery statute consists of two subdivisions. The first encompasses conduct that would constitute the equivalent of assault in the second degree in New York (Fla Stat § 784.045 [1] [a] [1]; Penal Law § 120.05 [1]). While it refers to "knowing" as well as intentional conduct, Florida courts have held that "[a]ggravated battery is a specific intent crime" (*State v Horvatch*, 413 So 2d 469, 470 [Fla Dist Ct App, 4th Dist 1982]), and thus "a defendant who does not intend the injuries received by the victim does not commit aggravated battery" (*Beard v State*, 842 So 2d 174, 176 [Fla Dist Ct App,

2d Dist 2003]). Therefore, this statute does not, as defendant argues, encompass mental states broader than that required for the equivalent felony under New York law.

Furthermore, subdivision (1) of the Florida statute does not encompass injuries that would not support a felony conviction under New York law. The Florida statute requires infliction of "great bodily harm, permanent disability, or permanent disfigurement" (Fla Stat § 784.045 [1] [a] [1]), which is analogous to New York's requirement of "serious physical injury," defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [1]; *see also McCormick v City of Fort Lauderdale*, 333 F3d 1234, 1239 n 5 [11th Cir 2003]).

We find, however, that a conviction under subdivision (2) of the Florida statute, which requires commission of misdemeanor battery with "a deadly weapon," would not constitute a predicate violent felony in New York because, unlike a conviction for second-degree assault in New York, there is no requirement under the Florida statute that the victim sustain physical injury (*see People v Scott*, 111 AD2d 45 [1st Dept 1985]; *see also Johnson v United States*, 559 US 133, 137 [2010]). As a result, review of the accusatory instrument is required, as the "foreign statute criminalizes discrete acts" (*People v Diaz*, 115 AD3d 483, 484 [1st Dept 2014], *lv denied* 23 NY3d 1036 [2014]). Although the Florida accusatory instrument was not originally before the sentencing court, the record on appeal has been expanded to include this document, which establishes a conviction under subdivision (1) of the Florida statute, and is thus equivalent to a conviction of assault in the second degree.

For the same reasons, we find no ineffective assistance of counsel for failure to challenge the predicate felony, as defense counsel cannot be faulted for the failure to raise an argument that lacks merit (*see People v Caban*, 5 NY3d 143, 152 [2005]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.