# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

898

KA 14-00193

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALBERT ACKERMAN, DEFENDANT-APPELLANT.

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

ALBERT ACKERMAN, DEFENDANT-APPELLANT PRO SE.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered December 23, 2013. The judgment convicted defendant, upon his plea of guilty, of aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of aggravated criminal contempt (Penal Law § 215.52 [1]), defendant contends that County Court erred in imposing an enhanced sentence based upon his postplea arrest for violating an order of protection. We reject that contention. Defendant does not dispute that he was informed, at the time of his plea, that he could receive an enhanced sentence in the event that he committed any new crimes or got into any "trouble," but he contends that there was no legitimate basis for his postplea arrest. Although defendant's contention survives the valid waiver of the right to appeal (*see People v O'Brien*, 98 AD3d 1264, 1264, *lv denied* 20 NY3d 1063), and is preserved for our review through defendant's motion to withdraw his plea on that ground (*cf. People v Fumia*, 104 AD3d 1281, 1281, *lv denied* 21 NY3d 1004), we nevertheless conclude that the contention lacks merit. It is well settled that "a court may not impose an enhanced sentence unless 'the court can be satisfied . . . of the existence of a legitimate basis for the arrest,' . . . [and] here the existence of a legitimate basis was established by the admission of defendant that he violated an order of protection" (*People v Taylor*, 286 AD2d 916, 916, *lv denied* 97 NY2d 688, quoting *People v Outley*, 80 NY2d 702, 713; *see Fumia*, 104 AD3d at 1281-1282). Contrary to defendant's contention, his violation of the order of protection was not an "innocent mistake." He admitted that he was well aware of the existence of the order; that the order prohibited him from having any

contact with the person in whose favor the order had been issued; and that he knew that he could get in trouble for talking to that person. Despite such knowledge, defendant admitted to repeated contact with the person, including a joint vacation to Letchworth State Park. Although defendant contends that "there were no physical or verbal disputes between the parties" and that the contact was initiated by the person in whose favor the order had been issued, those facts are irrelevant to the issue whether he violated the clear and unambiguous terms of the order of protection that required him to have no contact with that person "EVEN IF INVITED" by that person. The sentence, as enhanced by the court, is not unduly harsh or severe.

Defendant further contends that he was improperly sentenced as a second felony offender because the court, in determining whether a Florida conviction could serve as a predicate felony conviction, erroneously relied on the felony complaint instead of a superseding indictment, and thus improperly "extended or enlarged the allegations of the accusatory instrument" (*People v Yancy*, 86 NY2d 239, 247; *see People v De Aga*, 74 AD3d 552, 553). Inasmuch as defendant did not object to the introduction of the Florida felony complaint at the second felony offender hearing, he has failed to preserve his contention for our review (*see People v Samms*, 95 NY2d 52, 57; *De Aga*, 74 AD3d at 553). In any event, defendant and the People agree that the record does not establish whether there was a superseding indictment and, therefore, the "record [has not been] developed for appellate review" (*Samms*, 95 NY2d at 57; *cf. De Aga*, 74 AD3d at 553).

We reject defendant's further contention that he was improperly sentenced as a second felony offender because the predicate Florida conviction, i.e., felony battery in the third degree (Fla Stat § 784.041), is not comparable to New York's felony assault in the second degree (Penal Law § 120.05 [1]) and cannot satisfy the New York test for foreign jurisdiction predicate felonies under Penal Law § 70.06 (1) (b) (i). The Florida statute addresses two separate and distinct offenses, only one of which requires the infliction of great bodily harm. Subdivision (1) provides that a person commits felony battery if he or she "[a]ctually and intentionally touches or strikes another person against the will of the other; and . . . [c]auses great bodily harm, permanent disability, or permanent disfigurement" (Fla Stat § 784.041 [1]). Although the term "great bodily harm" "is not statutorily defined" (*Key v State of Florida*, 837 So 2d 535, 537), that term " 'defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery' " (*Coronado v State of Florida*, 654 So 2d 1267, 1270).

Subdivision (2) provides that "[a] person commits domestic battery by strangulation if the person knowingly and intentionally . . . impedes the normal breathing or circulation of the blood of a family or household member or of a person with whom he or she is in a dating relationship, *so as to create a risk of or cause great bodily harm* by applying pressure on the throat or neck of the other person or by blocking the nose or mouth of the other person" (Fla Stat § 784.041 [2] [a] [emphasis added]). Because the foreign jurisdiction's statute

encompasses conduct that could be either a felony or a misdemeanor, i.e., subdivision (2) includes merely a risk of great bodily harm, we are authorized to review the accusatory instrument (*see People v Medina*, 129 AD3d 429, 430; *see generally People v Muniz*, 74 NY2d 464, 468), and the accusatory instrument submitted at the hearing established that defendant was convicted under the first subdivision. We agree with the First Department that the term "great bodily harm" as used in the Florida statutes is "analogous to New York's requirement of 'serious physical injury,' " and we thus conclude that defendant's conviction under Florida Statutes § 784.041 (1) is "equivalent to a conviction of assault in the second degree" and may serve as a predicate felony conviction under Penal Law § 70.06 (1) (b) (i) (*Medina*, 129 AD3d at 430).

In his pro se supplemental brief, defendant contends that he was denied effective assistance of counsel. To the extent that defendant's contentions with respect thereto survive the guilty plea and valid waiver of the right to appeal (*see People v Jackson*, 85 AD3d 1697, 1699, *lv denied* 17 NY3d 817; *People v Santos*, 37 AD3d 1141, 1141, *lv denied* 8 NY3d 950), we conclude that his contentions lack merit (*see generally People v Ford*, 86 NY2d 397, 404). We have considered defendant's remaining contentions in his pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court