People v Jenkins (2018 NY Slip Op 07239)





People v Jenkins


2018 NY Slip Op 07239


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7504 349/12

[*1]The People of the State of New York, Respondent,
v
Denarious Jenkins, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered April 22, 2014, convicting defendant, upon his plea of guilty, of grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
Defendant failed to preserve his claim that none of the three prior New Jersey convictions listed in the predicate felony statement was the equivalent of a New York felony (see People v Jurgins, 26 NY3d 607, 611-612 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. One of the New Jersey convictions was under a statute that is facially equivalent to the New York felony of third-degree criminal possession of a controlled substance, which prohibits knowing and unlawful possession of a narcotic drug with intent to sell it (Penal Law § 220.16[1]). We have stated that "the unavailability of the agency defense in a foreign jurisdiction has no bearing on whether a foreign felony qualifies as the equivalent of a New York felony" (People v Reilly, 273 AD2d 143, 143 [1st Dept 2000], lv denied 95 NY2d 937 [2000]), and we see no reason to depart from our previous holdings on this subject.
Since at least one of the three New Jersey convictions qualified as a New York predicate felony, we need not decide the predicate status of either of the other two convictions. Furthermore, defendant's counsel was not ineffective in failing to challenge the second felony offender adjudication on this basis (see People v Medina, 129 AD3d 429, 430 [1st Dept 2015], lv denied 27 NY3d 1136 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK