People v Little (2020 NY Slip Op 02587)





People v Little


2020 NY Slip Op 02587


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


500 KA 19-00990

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY S. LITTLE, DEFENDANT-APPELLANT.






CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered August 22, 2018. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). We note at the outset that defendant does not challenge the validity of his waiver of the right to appeal. Although defendant's contention that County Court erred in imposing what he characterizes as an enhanced sentence based on postplea arrests arising from preplea conduct survives even a valid waiver of the right to appeal (see People v O'Brien, 98 AD3d 1264, 1264 [4th Dept 2012], lv denied 20 NY3d 1063 [2013]), we nevertheless conclude that his contention is unpreserved for our review because he failed to object to the sentence, move to withdraw his plea, or move to vacate the judgment of conviction on that ground (see People v Fumia, 104 AD3d 1281, 1281 [4th Dept 2013], lv denied 21 NY3d 1004 [2013]; O'Brien, 98 AD3d at 1264). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Even assuming, arguendo, that defendant's contention that he was denied effective assistance of counsel based upon counsel's failure to preserve that contention survives his plea of guilty and waiver of the right to appeal (see generally People v Pabon, 173 AD3d 1847, 1847 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; People v Coker, 133 AD3d 1218, 1218 [4th Dept 2015], lv denied 27 NY3d 995 [2016]), we reject that contention. The record reflects that defendant conferred with defense counsel and, through defense counsel, informed the court that he would agree to the negotiated sentence in exchange for the People's promise not to indict him on the postplea arrests. Thus, defendant failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Young, 167 AD3d 1448, 1449 [4th Dept 2018], lv denied 33 NY3d 1036 [2019] [internal quotation marks omitted]), inasmuch as the record reflects that defense counsel's decision not to object to the sentence or move to withdraw the plea or vacate the judgment of conviction was based on defendant's assent to the negotiated sentence.
Although we agree with defendant that his waiver of the right to appeal does not foreclose our review of the severity of his sentence under these circumstances (see People v Cannon, 158 AD3d 1123, 1124 [4th Dept 2018], lv denied 31 NY3d 1079 [2018]), we reject his contention that the sentence is unduly harsh and severe.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court