People v Johnson (2021 NY Slip Op 08246)





People v Johnson


2021 NY Slip Op 08246


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-15033 
2018-15034
2018-15035
 (Ind. No. 2623/17, 1665/18, 1812/18)

[*1]The People of the State of New York, respondent,
v
Michael Johnson, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Michael J. Curtis of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Queens County (Barry Kron, J.), rendered November 14, 2018, convicting him of assault in the second degree under Indictment No. 2623/17, criminal possession of a weapon in the second degree under Indictment No. 1665/18, and perjury in the first degree under Indictment No. 1812/18, upon his pleas of guilty, and sentencing him, upon his adjudication as a second violent felony offender, to a determinate term of imprisonment of 5 years plus 5 years of postrelease supervision on the assault conviction, a determinate term of imprisonment of 8½ years plus 5 years of postrelease supervision on the weapons conviction, and an indeterminate term of imprisonment of 2 to 4 years on the perjury conviction.
ORDERED that the judgments are modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second violent felony offender and the sentences imposed thereon; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant claims that his adjudication as a second violent felony offender was illegal because the predicate offense was not a violent felony under New York law. Although that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Samms, 95 NY2d 52, 57), we reach it in the exercise of our interest of justice jurisdiction (see People v Salako, 165 AD3d 846, 847).
As the People correctly concede, the defendant's prior conviction of aggravated assault under New Jersey law does not constitute a felony under New York law, "whether violent or otherwise" (People v De Aga, 74 AD3d 552, 552; see NJ Stat Ann 2C:12-1[b][2]; Penal Law § 10.00[9]). Accordingly, we modify the judgments by vacating the defendant's adjudication as a second violent felony offender and the sentences imposed thereon, and we remit the matter to the Supreme Court, Queens County, for resentencing (see People v Stevens, 114 AD3d 969).
In light of the foregoing, we need not reach the defendant's remaining contention that the second violent felony offender adjudication should be vacated and he should be resentenced because he was denied the effective assistance of counsel.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court