People v Edwards (2025 NY Slip Op 03926)

People v Edwards

2025 NY Slip Op 03926

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

503 KA 24-01089

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRAYDON M. EDWARDS, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Arthur B. Williams, J.), rendered March 12, 2024. The judgment convicted defendant upon his plea of guilty of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law
§ 215.51 [c]), defendant contends that County Court erred in imposing an enhanced sentence and that the enhanced sentence is unduly harsh and severe. We affirm.
Initially, we agree with defendant that, as the People correctly concede, defendant's waiver of the right to appeal does not encompass his contentions on appeal because the court failed to advise him of "the potential periods of incarceration for an enhanced sentence" (People v DeAngelis, 227 AD3d 1475, 1475 [4th Dept 2024] [internal quotation marks omitted]; see People v Semple, 23 AD3d 1058, 1059 [4th Dept 2005], lv denied 6 NY3d 852 [2006]; cf. People v May, 169 AD3d 1365, 1365 [4th Dept 2019]).
Defendant's contention that the court abused its discretion in imposing the enhanced sentence is unpreserved for our review because he failed to object to the sentence, move to withdraw his plea, or move to vacate the judgment of conviction on that ground (see People v Little, 183 AD3d 1269, 1270 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; People v Fumia, 104 AD3d 1281, 1281 [4th Dept 2013], lv denied 21 NY3d 1004 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, we reject defendant's contention that the enhanced sentence is unduly harsh and severe.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court