◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. SMITH, Appellant. [833 NYS2d 796]—Appeal from a judgment of the Chautauqua County Court (Michael L. D'Amico, J.), rendered September 13, 2004. The judgment convicted defendant, upon his plea of guilty, of scheme to defraud in the first degree, offering a false instrument for filing in the first degree (two counts), forgery in the second degree, and criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of scheme to defraud in the first degree (Penal Law § 190.65 [1]), two counts of offering a false instrument for filing in the first degree (§ 175.35), forgery in the second degree (§ 170.10 [1]), and criminal possession of a forged instrument in the second degree (§ 170.25). We reject defendant's challenge to the factual sufficiency of the plea allocution. Contrary to the contention of defendant, "[t]here is no requirement that [he] personally recite the facts underlying the crime[s]" (*People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]), and "nothing that defendant said or failed to say in [his] allocution negated any element of the offense to which [he] pleaded . . . or otherwise called into question [his] admitted guilt" (*People v Seeber*, 4 NY3d 780, 781 [2005]). The record does not support defendant's further contention that the plea was the product of coercion by the prosecution. Defendant failed to preserve for our review his contention that there was a discrepancy between the sentence promised as part of the plea bargain and the sentence imposed (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice because the alleged discrepancy did not change defendant's aggregate sentence and is thus harmless. The further contention of defendant that he was denied effective assistance of counsel does not survive his plea of guilty inasmuch as "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244 [1998], *lv denied* 93 NY2d 851 [1999]). Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.