# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

640

KA 14-00724

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NANETTE R.L. PETER, DEFENDANT-APPELLANT.

---

HUNT & BAKER, HAMMONDSPORT (BRENDA SMITH ASTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered January 22, 2014. The judgment convicted defendant, upon her plea of guilty, of reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of reckless endangerment in the first degree (Penal Law § 120.25). We agree with defendant that her waiver of the right to appeal does not encompass her challenge to the severity of her sentence. " '[N]o mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal [her] conviction that [she] was also waving [her] right to appeal the harshness of [her] sentence' " (*People v Saeli*, 136 AD3d 1290, 1291). Although defendant signed a written appeal waiver that expressly encompassed a challenge to the sentence, County Court did not inquire before accepting the plea whether defendant understood the written waiver or whether she had even read the waiver (*see id.; People v Banks*, 125 AD3d 1276, 1277, *lv denied* 25 NY3d 1159). Nevertheless, we reject defendant's challenge to the severity of the sentence.

Defendant's challenge to the factual sufficiency of the plea allocution is foreclosed by her valid waiver of the right to appeal the conviction and, in any event, defendant failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Hicks*, 128 AD3d 1358, 1359, *lv denied* 27 NY3d 999). We reject defendant's contention that this case falls within the narrow exception to the preservation

doctrine (*see People v Lopez*, 71 NY2d 662, 666).