People v Ortega (2019 NY Slip Op 06912)





People v Ortega


2019 NY Slip Op 06912


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


814 KA 18-00107

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID ORTEGA, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT.


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered December 21, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). As an initial matter, defendant correctly contends and the People correctly concede that defendant's waiver of his right to appeal is invalid (see People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]; People v McCoy, 107 AD3d 1454, 1454 [4th Dept 2013], lv denied 22 NY3d 957 [2013]). Nevertheless, although defendant further contends that County Court erred in refusing to suppress physical evidence, "defendant forfeited the right to raise that suppression issue on appeal inasmuch as he pleaded guilty before the court issued a ruling thereon" (People v Dix, 170 AD3d 1575, 1576 [4th Dept 2019], lv denied 33 NY3d 1030 [2019]; see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Rodgers, 162 AD3d 1500, 1501 [4th Dept 2018], lv denied 32 NY3d 940 [2018]).
Defendant failed to preserve his contention that his plea was not knowingly, intelligently, and voluntarily entered because he failed to move to withdraw the plea or vacate the judgment of conviction (see People v Peter, 141 AD3d 1115, 1116 [4th Dept 2016]; see generally People v Williams, 27 NY3d 212, 219 [2016]). We reject defendant's contention that this case falls within the narrow exception to the preservation doctrine (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Carlisle, 120 AD3d 1607, 1607-1608 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
We agree with defendant and the People correctly concede, however, that the sentence and commitment form should be amended because it incorrectly reflects that defendant was sentenced as a second felony offender when he was actually sentenced as a second felony drug offender (see People v Oberdorf, 136 AD3d 1291, 1292-1293 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court