People v Roberto (2024 NY Slip Op 00715)

People v Roberto

2024 NY Slip Op 00715

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

959 KA 21-01200

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES ROBERTO, DEFENDANT-APPELLANT. 

DIPASQUALE & CARNEY, LLP, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered July 7, 2021. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, attempted criminal possession of a weapon in the second degree and criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]), and criminal contempt in the first degree (§ 215.51 [b] [ii]).
Defendant's challenge to the factual sufficiency of the plea allocution "is foreclosed by [his] valid waiver of the right to appeal" and, further, defendant "failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction" (People v Peter, 141 AD3d 1115, 1116 [4th Dept 2016]; see People v Hicks, 128 AD3d 1358, 1359 [4th Dept 2015], lv denied 27 NY3d 999 [2016]). In any event, the allocution was legally sufficient inasmuch as " 'nothing that defendant said or failed to say in [his] allocution negated any element of the offense[s] to which [he] pleaded . . . or otherwise called into question [his] admitted guilt' " (People v Smith, 39 AD3d 1228, 1228 [4th Dept 2007], lv denied 9 NY3d 881 [2007], reconsideration denied 9 NY3d 993 [2007]).
While defendant's contention that Supreme Court erred in imposing an enhanced sentence based upon his postplea conduct survives his valid waiver of the right to appeal (see People v O'Brien, 98 AD3d 1264, 1264 [4th Dept 2012], lv denied 20 NY3d 1063 [2013]; cf. People v Sampson, 149 AD3d 1486, 1487-1488 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]), the contention "is not preserved for our review because defendant did not object to the enhanced sentence, nor did he move to withdraw the plea or to vacate the judgment of conviction" (People v Sprague, 82 AD3d 1649, 1649 [4th Dept 2011], lv denied 17 NY3d 801 [2011]). In any event, because "defendant violate[d] . . . condition[s] of the plea agreement" by, inter alia, admittedly attempting to contact an individual in violation of an order of protection, "the court [was] no longer bound by the agreement and [was] free to impose a greater sentence" (id. [internal quotation marks omitted]) without the need "to afford defendant an opportunity to challenge the foundation of his postplea arrest[ ]" (People v Figgins, 87 NY2d 840, 841 [1995]; see People v Outley, 80 NY2d 702, 712-713 [1993]).
Because the court advised defendant of the maximum sentence that could be imposed upon a violation of the plea agreement, "the waiver by defendant of the right to appeal encompasses [his] further contention that the enhanced sentence is unduly harsh [and] severe" (People v May, 169 AD3d 1365, 1365 [4th Dept 2019] [internal quotation marks omitted]).
Finally, we have considered defendant's remaining contentions regarding jurisdiction and conclude that none warrants reversal or modification of the judgment.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court