People v Santos (2024 NY Slip Op 04694)

People v Santos

2024 NY Slip Op 04694

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

652 KA 23-01311

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOEL F. SANTOS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered January 4, 2023. The judgment convicted defendant upon a plea of guilty of sexual abuse in the third degree and forcible touching. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his guilty plea of forcible touching (Penal Law
§ 130.52 [1]) and sexual abuse in the third degree (§ 130.55). In appeal No. 2, defendant appeals from a judgment convicting him upon his guilty plea of disseminating indecent material to a minor in the first degree (former § 235.22) and promoting a sexual performance by a child (§ 263.15). In each appeal, defendant contends that his global waiver of the right to appeal is unenforceable, and that his guilty plea should be vacated because it was not knowingly, intelligently, and voluntarily entered. In appeal No. 2, defendant further contends that his negotiated sentence is unduly harsh and severe. We affirm in both appeals.
Because defendant did not move to withdraw his pleas or to vacate either judgment of conviction, he failed to preserve for our review his challenges in both appeals to the voluntariness of his pleas (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Peter, 141 AD3d 1115, 1116 [4th Dept 2016]). Contrary to defendant's contention in both appeals, his challenges do not fall within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662 [1988]), inasmuch as he did not say anything during the plea colloquy that negated an element of a pleaded-to offense "or otherwise cast significant doubt on his guilt or call[ed] into question the voluntariness of the plea[s]" (People v Barrett, 153 AD3d 1600, 1600 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]; see Lopez, 71 NY2d at 666).
We agree with defendant in both appeals that his global waiver of the right to appeal is unenforceable inasmuch as County Court's colloquy and the written waiver used overbroad language that mischaracterized the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v McCracken, 217 AD3d 1543, 1543-1544 [4th Dept 2023]; People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]). Nevertheless, contrary to defendant's contention in appeal No. 2, we conclude that defendant's negotiated sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court